UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| STAR RICHARDSON,       )  |   |
|     Plaintiff,       )  |   |
|            )  |   |
| v.       )  | CAUSE NO.: 2:11-CV-218-PRC |
|            )  |   |
| ADJ KITT and RESPITE CARE SERVICES, INC., )  |   |
|     Defendants.       )  |   |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion for Summary Judgment [DE 25], filed by Defendant on February 3, 2012. The Plaintiff has not filed a response to the Motion for Summary Judgment and the time to do so has now passed.

**PROCEDURAL BACKGROUND**

On June 23, 2011, Plaintiff Star Richardson filed a Complaint in this Court alleging discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991 ("Title VII"). Defendant filed an Answer on July 29, 2011.

On January 9, 2009, this case was reassigned to the undersigned Magistrate Judge. The parties orally agreed on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

On February 3, 2010, Defendant filed a Motion for Summary Judgment. As of the date of this Opinion and Order, Plaintiff has failed to file a response and the time to do so has passed.

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(c). The moving party may discharge its initial responsibility by simply "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. When the nonmoving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Celotex*, 477 U.S. at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254,

1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials, and, if the moving party has "produced sufficient evidence to support a conclusion that there are no genuine issues for trial," then the burden shifts to the nonmoving party to show that an issue of material fact exists. *Becker v. Tenenbaum-Hill Assoc.*, 914 F.2d 107, 110-111 (7th Cir. 1990) (citations omitted); *see also Hong v. Children's Mem'l Hosp.*, 993 F.2d 1257, 1261 (7th Cir. 1993).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2), (3); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not

to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50.

## MATERIAL FACTS

Northern District of Indiana Local Rule 56-1 requires the moving party to file with the Court a "'Statement of Material Facts' that identifies the facts that the moving party contends are not genuinely disputed." N.D. Ind. L.R. 56-1(a). In response, the opposing party is obligated to file with the Court a "'Statement of Genuine Issues' that identifies the material facts that the party contends are genuinely disputed so as to make a trial necessary." N.D. Ind. L.R. 56-1(b)(2). "When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009) (addressing the equivalent Northern District of Illinois local rule); citing *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); *see also Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (noting that the Seventh Circuit has routinely sustained "the entry of summary judgment when the non-movant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts").

In this case, as the moving party, the Defendants have submitted a Statement of Material Facts. However, Plaintiff has not submitted a response brief, much less a Statement of Genuine Issues; therefore, the following facts asserted by Defendant and supported by admissible evidence are considered to exist without controversy for the purposes of this Motion for Summary Judgment.

Plaintiff Richardson began working at Defendant Respite Care Services, Inc., on or about

October 19, 2004. Defendant Adj Kitt is the director of Respite Care, which provides care and services to individuals with physical or developmental disabilities. When Richardson began working at Respite Care, she received two days of orientation, including being given a copy of the policy manual. She also received a revised policy manual on July 17, 2009, and signed a receipt acknowledging that she had received, read, and understood it.

The policy manual sets out expectations and requirements for employees. One of the requirements is that employees accurately report their time and report any errors in their time records to their supervisor. The policy manual also includes actions that can cause an employee to be terminated, including poor performance, misconduct, excessive absences, or violations of policies.

Richardson received a disciplinary report for an incident that occurred on August 17, 2010. The report indicates that Richardson "abandoned the consumers at a local restaurant unstaffed." Defs. Ex. D. Richardson's time sheets for the day indicate that she worked from 9 a.m. until 2 p.m. At her deposition, Richardson admitted to leaving the client alone and to putting time on her attendance record when she was not actually working. Defs. Ex. A: Pl. Dep. at 38-41.

Richardson received another disciplinary report for an incident that occurred on September 2, 2010, when she left clients alone for two to three hours, and received an additional disciplinary report for submitting a time sheet for September 2, 2010, that included hours she did not work. Defs. Ex. E, F. At her deposition, Richardson admitted to leaving the clients alone and to including the entire time period on her time sheet. Defs. Ex. A: Pl. Dep. at 44-45.

Richardson received an additional disciplinary report for violation of company rules of conduct on September 9, 2010. In particular, she "submitted her timesheet signed by the consumers

for hour [sic] she had not worked yet." Defs. Ex. G. At her deposition, Richardson testified that she did work that time, but that the time sheet was turned in before she worked those hours. Defs. Ex. A: Pl. Dep. at 45-47.

On September 20, 2010, Respite Care notified Richardson that she was terminated for failing to follow agency protocol; in particular: leaving clients unattended and recording unworked time on her time sheet. Defs. Ex. H. At her deposition, Richardson agreed that she had been terminated for dishonesty and theft. Defs. Ex. A: Pl. Dep. at 48-49.

## ANALYSIS

Local Rule 7-1(a) provides that "[t]he court may rule on a motion summarily if an opposing party does not file a response before the deadline." N.D. Ind. L.R. 7-1(d)(4). The trial court's interpretation and application of its Local Rules is subject to great deference. *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809-10 (7th Cir. 2005); *Cuevas v. U.S.*, 317 F.3d 751, 752 (7th Cir. 2003); *Tenner v. Zurek*, 168 F.3d 328, 331 (7th Cir. 1999). In fact, a trial court has the authority to strictly enforce its Local Rules, even if summary judgment results. *Koszola v. Board of Education*, 385 F.3d 1104, 1109 (7th Cir. 2004); *Waldridge.*, 24 F.3d at 921-22 (upholding the trial court's strict enforcement of local rules on summary judgment); *Franklin v. U.S. Steel Corp.*, No. 2:04-CV-246, 2006 WL 905914, at *1 (N.D. Ind. Apr. 7, 2006); *Jones v. Union Tank Car Co.*, No. 05-CV-22, 2006 WL 1195218, at *1 (N.D. Ind. May 4, 2006).

As described above, Federal Rule of Civil Procedure 56(e) states that "[i]f a party . . . fails to properly address another party's assertion of fact . . . , the court may . . . grant summary judgment if the motion and supporting materials - including the facts considered undisputed - show that the movant is entitled to it." Fed. R. Civ. P. 56(e). Thus, summary judgment is appropriate if the non-

movant does not respond and the "motion demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir.1994).

Here, Defendants argue that the Plaintiff has failed to raise a genuine issue of material fact as to her claims and summary judgment must be granted in their favor.

### A. Claims against Defendant Kitt

As a preliminary matter, the Court will address Defendants' arguments that Defendant Kitt cannot be sued in her individual capacity. "[A] supervisor does not, in h[er] individual capacity, fall within Title VII's definition of employer." *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1168 (7th Cir. Ill. 1998) (quoting *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995)) (other citations omitted); *see also Collins v. Illinois*, 125 Fed. Appx. 723, 727 (7th Cir. 2005) ("[the plaintiff] may not maintain a Title VII suit against her supervisors in their individual capacities"). In this case, Richardson has not included any allegations that would indicate that Defendant Kitt has a corporate identity separate from Defendant Respite Care. *See Sattar*, 138 F.3d at 1168 (citing *EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1280 n.2 (7th Cir. 1995)). Accordingly, summary judgment is granted to Defendant Kitt on Richardson's claims.

### B    Title VII Termination and Failure to Rehire Claims

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). In her Complaint, Plaintiff alleges that she was fired and not rehired because of her race.

To prove a case of discrimination under Title VII, a plaintiff must offer either direct or indirect evidence of discrimination. *Rozskowiak v. Vill. of Arlington Heights*, 415 F.3d 608, 612 (7th Cir. 2005). Regardless of the method, the burden is always on the plaintiff to demonstrate that genuine issues exist for trial. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 897 (7th Cir. 2003).

Direct evidence of race discrimination is evidence that would prove discriminatory conduct on the part of the employer without reliance on inference or presumption as perceived by the trier of fact. *Rozskowiak*, 415 F.3d at 612. Direct evidence can take two forms: (1) an outright admission by the decision maker that the challenged action was undertaken, or (2) circumstantial evidence of discriminatory reason by the employer. *Id.*; *Rogers v. City of Chicago*, 320 F.3d 748, 753 (7th Cir. 2003). The Complaint reveals that Richardson has failed to allege any facts showing direct evidence of race discrimination and there is no direct evidence in the record to support the claims that her termination or failure to be rehired were based on race. Therefore, Richardson must proceed under the indirect, burden-shifting method.

Indirect evidence of discrimination is analyzed under the familiar burden-shifting method of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). First, the plaintiff must establish a prima facie case of discrimination by setting forth "evidence that: (1) she belongs to a protected class; (2) she performed her job according to the [employer]'s legitimate expectations; (3) she suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated more favorably by the [defendants]." *Atanus v. Perry*, 520 F.3d 662, 672-673 (7th Cir. 2008) (citations omitted). If Richardson is able to meet the prima facie case for either her termination or failure to rehire claims, "an inference of discrimination arises, an inference that can be dispelled if the employer offers a non-discriminatory, legitimate reason for the personnel action.

8

If the employer offers such a reason, the plaintiff must then show that the proffered reason is actually a pretext for illegal discrimination." *Grigsby v. LaHood*, 628 F.3d 354, 358-359 (7th Cir. 2010) (citing *Stockwell v. City of Harvey*, 597 F.3d 895, 901 (7th Cir. 2010); *Adelman-Reyes v. Saint Xavier Univ.*, 500 F.3d 662, 666 (7th Cir. 2007)).

Defendants concede that Richardson is a member of a protected class, but deny that she performed her job according to Respite Care's legitimate expectations and that Respite Care treated similarly situated employees outside the protected class more favorably.

To determine whether Richardson met Respite Care's legitimate expectations, "[t]he proper inquiry mandates looking at [the plaintiff's] job performance through the eyes of her supervisor at the time of her . . . termination." *Gates v. Caterpillar, Inc.*, 513 F.3d 680, 689 (7th Cir. 2008) (citing *Peele v. Country Mut. Ins. Co.*, 288 F.3d 319, 329 (7th Cir. 2002)). Defendants informed Richardson that she was being terminated for failure to follow protocol, including leaving clients alone while she was supposed to be with them and filling out inaccurate time sheets. At her deposition, Richardson admits that is why she was terminated and that the behavior described in her multiple incident sheets was reflected accurately. Accordingly, she cannot demonstrate that she met her employer's legitimate expectations and cannot succeed on her termination claim.

Richardson also claims that both she and another employee were fired for abandoning clients, but that while the other employee was rehired, Respite Care failed to rehire Richardson because of her race. For Richardson to succeed on her failure-to-rehire allegation, she "must first establish a prima facie case by showing that [s]he is a member of a protected class, [s]he applied for and was qualified for an open position, [s]he was rejected for the position, and the position was filled with a person not in the protected class who had similar or lesser qualifications than the plaintiff."

*Grigsby*, 628 F.3d at 358-359 (citing *Jackson v. City of Chicago*, 552 F.3d 619, 622 (7th Cir. 2009)). As described above, there is no dispute that Richardson is a member of a protected class or that she was not rehired.

Defendants argue that Richardson cannot succeed in showing that the position was filled by a person not in the protected class with similar or lesser qualifications than Richardson. In her complaint, Richardson identifies Ruth Altman as someone who was fired for similar reasons as Richardson but was rehired, and indicates that Altman is not a member of a racial minority. However, Richardson does not allege, let alone include any facts demonstrating, that Altman was hired for a position Richardson applied for and was qualified for, nor that she had similar or lesser qualifications than Richardson. Plaintiff has failed to establish the required prima facie case to shift the burden to Defendants, and therefore cannot succeed on her failure-to-rehire claim.

Even assuming that Plaintiff would be able to show a prima facie case of racial discrimination, she would still have to show that Defendants' legitimate reasons for terminating her were a pretext for discrimination. Pretext means a lie or phony excuse. *O'Neal v. City of New Albany*, 293 F.3d 998, 1005 (7th Cir. 2002). A plaintiff can establish pretext with evidence that the employer's explanation is not credible. *Atanus*, 520 F.3d at 674. The focus of this inquiry is whether the employer's stated reason was honest, not whether it was accurate or wise. *Lochard v. Provena St. Joseph Med. Ctr.*, 367 F. Supp. 2d 1214, 1224 (N.D. Ill. 2005). Richardson admits that she left clients unattended and improperly filled out time sheets and that she received disciplinary reports and was ultimately terminated for these behaviors. Accordingly, there is no evidence in the record to show that Defendants' stated reasons for terminating or failing to rehire Richardson are dishonest or a pretext for discrimination.

Richardson has failed to create a genuine issue of material fact regarding her prima facie case of race discrimination and summary judgment must be granted in Defendants' favor as to her Title VII national origin discrimination claim.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment [DE 25]. The Court **DIRECTS** the Clerk of Court to enter judgment in favor of Defendants Adj Kitt and Respite Care Services, Inc., and against Plaintiff Star Richardson as to all claims in Plaintiff's Complaint.

SO ORDERED this 4th day of May, 2012.

                                              s/ Paul R. Cherry
                                              MAGISTRATE JUDGE PAUL R. CHERRY
                                              UNITED STATES DISTRICT COURT

cc:    All counsel of record
       Plaintiff, *pro se*